[Decided February 1, 1888.]

## JASPER MIKKLESON *v.* FRANK T. PARKER, SHERIFF.

EXEMPTION—HOW CLAIMED—FAILURE TO RETURN COMPLETE LIST.—Under section 347 of the Code, allowing the right of exemption to a debtor of one team of work horses, and providing that a debtor claiming personal property as exempt shall deliver to the officer making the levy a list of all his personal property, and also a separate list of the property claimed as exempt, etc., the right of exemption as to such team of horses is not lost by the debtor's failure to include all his personal property in the list returned to the officer making the levy on such team, it appearing that he owned no other horses. JONES, C. J., dissenting.

ERROR to the District Court holding terms at North Yakima. Fourth District.

Action by plaintiff in error against the defendant as sheriff to recover a team of horses levied upon by the latter and claimed as exempt from execution. Trial resulting in verdict and judgment for defendant, from which plaintiff appealed.

*Mr. H. J. Snively,* for the Plaintiff in Error.

The plaintiff claimed the horses exempt as a span of horses exempt to him as a farmer. The sheriff denied the right of exemption, because plaintiff did not file a list of all his personal property. The plaintiff did not have to give to the sheriff a list of all of his property to claim his exemption of a span of horses as a farmer. (Stats. W. T. 1885–6, p. 96.) It is admitted that plaintiff was a farmer and resident of Washington Territory, and entitled to exemption.

*Messrs. Allen, Whitson & Gilliam,* for the Defendant in Error.

The failure to give in a complete list by the plaintiff in error of his property to the sheriff bars his right of redemption. Giving in that list is a prerequisite to his claim of exemption. (Code, sec. 349; Thompson on Homestead and Exemptions, secs. 837, 849; *Gregory* v. *Latchem,* 53 Ind. 449.)

Mr. Justice ALLYN delivered the opinion of the court.

This is a proceeding in replevin by the appellant against Parker, as sheriff, to recover a team of horses seized by the sheriff under execution, and claimed by appellant to be exempt to him under chapter 32 of the Code.

Appellant, in addition to the above facts, alleges that he is a farmer; that this is his only team, and that he had promptly given to the sheriff an "itemized list of all the property owned or claimed by him as exempt," etc., and asks their return or their value, and also damages for the detention.

These allegations are denied by appellee, who affirmatively pleads that "said plaintiff had in his possession, and admitted to have in his possession, belonging to plaintiff, other personal property, subject to execution, other than that contained in the itemized list furnished to the sheriff."

The cause was tried by the court, and the findings were:

"1. That said horses are work horses."

"2. That appellant is a farmer residing in Yakima county, and had no other horses."

" 4. That plaintiff demanded the release of said property, and delivered to said sheriff an itemized list of property, purporting to contain an enumeration of all the personal property owned by him, properly verified," etc.

" 6. That plaintiff had other personal property at the time, not included in said list, which was intentionally omitted from said list by him, and as a conclusion of law finds said property was not exempt from execution."

The finding that appellant was a farmer of Yakima county, and had no other horses than this team of work horses, would certainly entitle him to the exemption claimed, unless he had committed clearly some fraud which would justify the taking away from him, as a punishment, the broad and liberal provisions of this exemption law. The statement in these findings, that he intentionally omitted from said list other personal property owned by him, is the only evidence or basis upon which to sustain this action. Is this sufficient? Had he possessed other horses which he concealed or failed to list, and thereby prevented the determination of the exemption of these horses, this might be sufficient; but not so here, for the court expressly finds he had *only* this team.

The failure to list other property, then, could not directly affect the question of whether or not these were exempt, for one team is exempt, regardless of what else he may have.

Because he may have other property (not horses) which he did not list, is this exemption lost?

Our exemption law provides (section 347 et seq.) for allowance to the debtor of certain household furniture, not exceeding $150 in value; certain animals, etc., in lieu of which he may select other property not exceeding $150 in value; farming utensils, not exceeding $200 in value; to a mechanic, materials not exceeding in value $500; a physician, medicines, etc., not exceeding $200; with many other instances where certain things, up to a fixed amount, are allowed. The surplus over such fixed amount, of course, being liable for his debts.

Section 349 provides: " When a debtor claims personal property as exempt, he shall deliver to the officers mak-

34

ing the levy an itemized list of all the personal property owned or claimed by him," etc.; "he shall also deliver to such officer a list, by separate items, of the property he claims as exempt." The same section then provides for an appraisement, which is made by appraisers under oath, "a list by separate items of the personal property claimed as exempt, which they shall decide as exempt, stating the value," etc.; and, in case no appraisement is required by the creditors, the officer shall return as exempt property *claimed by* the debtor as exempt. What is the purpose of the foregoing provisions?

It would seem self-evident that, in many instances, numerous articles, as household furniture, etc., being exempt but only up to a certain fixed amount in value, provision then must be made for determining whether or not such property claimed by a debtor is within this limit or exceeds it. In such instances, clearly, did he state falsely, knowingly, and for the purpose of preventing such excess from being levied upon, he might very properly forfeit all; in other words, out of a large quantity of things owned by him he must "make his selection," so that the officers may safely and properly levy on the surplus. But can this reason or purpose be applied to a specific article which is exempt regardless of what amount or value of other articles he has?. It by no means follows. If he had several teams, then the reason for "making his selection" would apply; in this case, he has but one team and that is expressly exempted.

It is contended that the law requires, as a prerequisite of this exemption, his making to the officer a list of all his property; every reason argues that the purpose of this is as above explained, and this reasoning could not apply to such a case as here. Moreover, the other portions of section 349 indicate clearly that the reasons given above were those contemplated by the framers of this law, as it provides for an appraisement, the fixing of values, etc., and also that if the creditor does not require such, the list, as selected by the debtor, shall be accepted—thus clearly contemplating a determination of the values of the articles claimed by the debtor.

To adopt the theory necessary to sustain the decision below, viz.: that, though his only team was otherwise exempt, yet, having failed to state some article or articles of other property he owns, he must forfeit this team, we would have to conclude that section 349, requiring a list, is to act as a bill of discovery; that it searches the conscience of the debtor, and more, requires him to act as agent of the creditor in searching for property which it is the creditor's business to search out for himself. The creditor has the right to levy on all that is in sight. He may require the debtor to select, and if the debtor conceals there are methods that may be employed. Section 349 certainly is not intended to enlarge the means already provided for the discovery of property, or the like.

The findings in this case being that this was the only team owned by appellant, a farmer, and therefore exempt, unless his failure to set out a complete list of other property forfeited his right, and such failure having no connection with or relation to the specific article in controversy, and by no possibility able to affect his right *to this article,* it could not work injury to the creditor and ought not to control the question here.

It is a firmly established principle that exemption laws must be liberally construed in favor of the poor debtor.

They are based upon sound principles of justice and mercy.

The right thus given must not be forfeited unless exact justice demands it.

In this case, for the reason given, the failure to list all his property by appellant could not in any way have affected this specific property claimed or thus have injured the creditor.

The property, otherwise being declared by the court to be within the exemption, should have been declared exempt in the court below.

The judgment is reversed.

JONES, C. J., dissented.

LANGFORD, J., concurred.