[No. 13616.   *En Banc.*   August 22, 1917.]

# E. P. Lemagie, *Respondent and Cross-Appellant,* v. Acme Stamp Works, *Appellant,* Walter J. Stevens et al., *Defendants.*[1]

Appeal—Notice—Parties. An appeal in garnishment proceedings will not be dismissed for failure to serve notice of appeal upon another garnishee defendant who was in no way interested in the controversy between the parties and not a party adverse to either of the parties.

Garnishment—Rights of Garnishee Defendant—Advance After Writ. After service of writ of garnishment, the garnishee defendant has no right to advance to the defendant any funds save those that are exempt, and cannot, by so doing, reduce the amount of his indebtedness at the time of filing answer to the writ.

Same—Right to Balance Accounts—Waiver by Advances After Writ. Where, at the time writ of garnishment was served, defendant was indebted to the garnishee for advances in excess of salary due the defendant, but before answer, the garnishee defendant made further advances, exceeding salary accruing, such payment to defendant was a waiver of the garnishee defendant's right to balance the accounts, and it was liable to the plaintiff for the salary, less the $100 exemption provided by Rem. Code, § 703.

Exemptions—Statutes—Construction. Rem. Code, § 703, exempting from garnishment wages or salary to the extent of $100, in no event to be for a longer period than four consecutive weeks, allows a total exemption of $100 only, and not $100 per month.

Same. Under Rem. Code, § 563, subd. 4, providing that, if the debtor does not possess or desire to retain the animals named in the section as exempt, he may select "from his property and retain other property" not exceeding $250 in value, authorizes a lieu selection of any other kind of property, as shares of stock; the rule of *ejusdem generis* having no application.

Appeal—Decision—Stare Decisis. The rule of *stare decisis* will not prevent the overruling of a decision relating to a debtor's exemptions, where no long established practice has developed and no rule of property grown up.

Morris, J., dissents.

[1]Reported in 167 Pac. 60.

Cross-appeals from a judgment of the superior court for King county, Tallman, J., entered March 31, 1916, upon findings in favor of the plaintiff, in garnishment proceedings, after a trial upon an agreed statement of facts. Modified.

*Lund & Lund,* for appellant.

*Ewing D. Colvin,* for respondent and cross-appellant.

HOLCOMB, J.—Respondent and cross-appellant moves to dismiss the appeal upon the ground that another garnishee defendant, who appeared in answer to the writ of garnishment against it, was not served with notice of appeal; that garnishee defendant was in no way interested in the controversy between these parties, and not a party adverse to the appellant or cross-appellant. *Seattle Trust Co. v. Pitner,* 17 Wash. 365, 49 Pac. 505. The motion is therefore denied.

In answer to a writ of garnishment, served upon it by the plaintiff in the principal suit on August 5, 1915, the garnishee appellant, here appealing, on September 11, 1915, by amended answer, alleged that it was not, at the time the amended answer was made, indebted to the defendant Stevens, and that defendant held two certificates of stock in the Acme Stamp Works, a corporation, of the par value of $100 per share. The amended answer was controverted by plaintiff by affidavit. On January 2, 1916, defendant Stevens filed his claim of exemption for the two shares of stock in lieu of the property enumerated in subdivision 4, Rem. Code, § 563, and also an oral application for exemption of wages for personal service rendered by him and as the head of a family dependent upon him for support. The matter was presented to the trial court for determination upon the following agreed statement of facts: At the time of the service of the writ, defendant Stevens was an officer of the Acme Stamp Works and drawing a salary of $150 per month. On August 5, 1915, the day the writ was served on the garnishee defendant, Stevens had overdrawn and there had been advanced to him the sum of $368.32, and between August 5,

1915, and September 11, 1915, the date of the amended answer, there had been advanced to Stevens by the Stamp Works the sum of $213.95, which, after allowing him his accrued salary, left him in debt to the Stamp Works on September 11, 1916, in a balance amounting to $357.21, reducing the indebtedness from Stevens to the Stamp Works between August 5 and September 11 the difference between $368.32 and $357.21.

Upon the hearing on the agreed facts, the trial court ordered a judgment granting defendant Stevens the two shares of stock as "lieu" exemption, and further granted him as exempt $106 as wages, and granted judgment against the garnishee defendant in the sum of $107.95, the difference between the money advanced after the service of the writ on August 5 and until September 11, when the amended answer was filed, and his exemption of wages, the wages being exempted for the month and a fraction, at the rate of $100 per month, to the extent of $106.

The garnishee defendant appealed from that portion of the judgment holding it liable to pay the $107.95 and refusing to dismiss the writ. The plaintiff appealed from that portion of the judgment granting the "lieu" exemption of the two shares of Acme Stamp Works stock. The trial court held in effect, upon the financial transactions shown as occurring after the service of the writ between the garnishee and the defendant, that the garnishee defendant had no right to advance to defendant after garnishment any funds save those which were by law clearly exempt. Rem. Code, § 688. His wages to the extent of $100 only, and not $100 per month, and not $106 for a fraction over a month, were exempt on September 11, 1915, when the amended answer in garnishment was made, by virtue of Rem. Code, § 703, which says that:

"Current wages or salary to the amount of one hundred dollars ($100) for personal services . . . shall be exempt from garnishment, . . . *Provided*, however, that

said exemption shall in no event be allowed out of wages or salary for a longer period than four (4) consecutive weeks."

These provisions are explicit, need no construction, and cannot be extended by the rule of liberal construction of exemption statutes.

Appellant contends that it was entitled to set off its debt against its employee to the exclusion of the plaintiff in garnishment, under our decision in *Frieze v. Powell*, 79 Wash. 483, 140 Pac. 690. It was there held that the garnishee's liability, as fixed by the statutes relating to garnishment, was the indebtedness existing and effects possessed by it as of the date of the writ, and also at the time of the answer in garnishment on which issues were joined. When the writ issued in that case, on August 31, 1912, there was a liquidated settled account, balanced by the garnishee, between the defendant and the garnishee, for debts represented by I. O. U.'s of the defendant and credits of salary earned, showing a net balance due the garnishee on that date of $25.75. Thereafter and until the issues were raised on amended answer, made on October 25, 1912, defendant earned $196.15 salary. He claimed and was allowed the $100 out of the current salary as exempt, and the garnishee was allowed out of the remainder the net balance due it on August 31, 1912, and this court affirmed it.

The obvious distinction between that case and this lies in the fact that in this there was no balanced account between the debtor and the garnishee at the time of the service of the writ. Whatever garnishee owed to the defendant at that time was impounded by the service of the writ, subject to the right of the defendant to claim his lawful exemption of wages. The garnishee admitted its indebtedness to the defendant by paying to him, after the service of the writ, the sum of $213.95. This must be construed as a waiver on the part of the garnishee of any right on its part to balance the account between it and the defendant as of the date of the issuance and service of the writ. Had it balanced its account, or any

part thereof, at any moment of time before the issuance and
service of the writ, by applying any funds or property in its
hands to the payment of any debt it held against the defend-
ant, the property or fund so applied could not have been im-
pounded by garnishment. Not having so applied the fund in
its possession, it could not arbitrarily apply funds coming in-
to its possession afterwards up to the time of answering in
garnishment, and so pay itself and defeat the garnisheeing
creditor. The trial court was, therefore, correct in holding
the garnishee liable under the writ for the salary earned dur-
ing that period, over and above the statutory exemption of
$100.

Upon the cross-appeal of plaintiff, the question presented
is whether the debtor can claim and hold as exempt the two
shares of Acme Stamp Works corporate stock by virtue of
the fourth subdivision of Rem. Code, § 563. It is as-
serted that this question has been determined by this court
in *Creditors Collection Ass'n v. Bisbee*, 80 Wash. 358, 141
Pac. 886. In that case it was decided that a debtor not hav-
ing, or not wishing to retain, the specifically enumerated ani-
mate personal property, could not, under the proviso in that
subdivision, retain in lieu of such specific chattels as "other
property" money of the value of $250. That case has been
severely criticised in *In re Crook*, 219 Fed. 979, Neterer,
District Judge, where the cases cited and relied upon as sus-
taining the decision in the *Bisbee* case were analyzed and in-
terpreted differently. In *Hills v. Joseph*, 229 Fed. 865, on
an appeal from a similar decision by Neterer, District Judge,
where the debtor selected merchandise from his stock, involv-
ing the same subdivision of the exemption statutes, Rudkin,
J., for the circuit court of appeals, also analyzes and dis-
tinguishes the questions involved and constructions in the
cases cited in the *Bisbee* case, and very strongly intimates
that the construction determined upon in the *Bisbee* case was
wrong, although he says it "is of course binding upon this
court to the extent that money on hand, or money due the

householder from a third person, cannot be selected in lieu of the animals enumerated in subdivision 4; but it still leaves open the question as to what is property of like nature and what is the meaning of the rule of *ejusdem generis* as applied to this statute." Judge Rudkin quotes the rule stated in 18 Cyc. 1380, that the statutes which create or give the right of exemption to a debtor are held subject to the rule of liberal construction, and cites decisions from this state in support of that rule as follows: *Mikkleson v. Parker*, 3 Wash. Terr. 527, 19 Pac. 31; *Dennis v. Kass & Co.*, 11 Wash. 353, 39 Pac. 656, 48 Am. St. 880; *Puget Sound Dressed Beef & Packing Co. v. Jeffs*, 11 Wash. 466, 39 Pac. 962, 48 Am. St. 885, 27 L. R. A. 808; *Becher v. Shaw*, 44 Wash. 166, 87 Pac. 71, 120 Am. St. 982; *North Pacific Loan & Trust Co. v. Bennett*, 49 Wash. 34, 94 Pac. 664; *State ex rel. McKee v. McNeill*, 58 Wash. 47, 107 Pac. 1028, 137 Am. St. 1038. In the course of the opinion it is said:

"The petitioner contends that the householder may select any kind of animate property, because all the property enumerated in subdivision 4 happens to be of that class. This would no doubt be an easy solution of a rather difficult question; but we are far from convinced that the legislature had in mind any such arbitrary or unreasonable classification as this. The exemption is granted to householders generally, regardless of their occupation, vocation or calling in life, . . . And notwithstanding the fact that the exemption is thus given in general terms and without qualification to all householders, it is safe to say that not one householder in ten can derive any benefit from the statute if construed as contended for by the petitioner. Nor does a proper application of the rule of *ejusdem generis* lead to any such conclusion. That rule is: 'That where special words are used, followed by words of more general import, the general words are to be limited to things of the same kind as are described in the special words, unless an intention may be found to extend their meaning.' 13 Cyc. 1381. In this statute there is found a manifest intention on the part of the legislature to extend the meaning of the special words, because the statute expressly provides that if: 'The householder shall not possess,

or shall not desire to retain the animals above named, he may select *from his property* and retain other property not to exceed two hundred and fifty dollars coin, in value.' This provision shows very clearly that the legislature did not intend to limit the rights of the householder by any procrustean rule, for what would it avail him to surrender specific animals if he was required to select other animals of like kind. Furthermore, the particular property enumerated in this statute is itself so diversified that any strict application of the rule of *ejusdem generis* would seem to be out of the question. What property can be said to be of like kind as cows and their calves, swine, bees, and domestic fowl? The petitioner would divide property into things animate and things inanimate, and asks us to hold that all animate property falls within the rule and all other property without; but we are satisfied that any such construction would do violence to the legislative intent. That body had in mind the unfortunate debtor rather than any particular kind or class of property. It is of little moment to the creditor what kind of property is claimed as exempt, provided its value does not exceed the statutory limit, while some latitude in the choice or selection is indispensable to the debtor if he is to derive any benefit from the statute; First, to enable him to make a selection from property which he may own; and, second, to select such property as will best contribute to the support and comfort of himself and family. We are satisfied this liberty of choice was contemplated by the legislature."

In the quoted case, the lieu exemption by a bankrupt of merchandise from his stock in trade in place of the animals enumerated in subdivision 4, § 563, *supra*, was sustained.

The majority of the court as at present constituted are not satisfied with the decision in the *Bisbee* case. We feel that it is not in consonance with the general rule of liberality in construing exemption statutes and allowances, here and elsewhere. That decision overlooked the obvious intent of the legislature to grant an exemption to any householder of *any property* to the value of $250, as is manifested very clearly by the alternative provision that if "the householder shall not possess, *or shall not desire to retain,* the animals above named, he may select *from his property*" (not *such* other

property, or *other such* like property) "and retain *other* property," etc.   There is no need, as stated in effect by Judge Rudkin, for resort to the rule of *ejusdem generis* to ascertain the intent of the legislature, and furthermore, the enumeration of property in the statute itself was so diversified as to require the interpretation of subsequent general words in their broad sense.   17 Am. & Eng. Ency. Law (2d ed), p. 7; 26 Am. & Eng. Ency. Law (2d ed.), p. 610; 36 Cyc. 1121, 1122.

The purpose of the exemption statutes has long been conceded to be of the beneficent public policy of preventing indigence and encouraging thrift.   The broadest interpretation consonant with that policy and with reason and justice should be given such statutes to effectuate their object.

Since no long established public practice has devolved upon the decision in the case of *Creditors Collection Ass'n v. Bisbee, supra,* and no rule of property has grown up thereon, we feel under no necessity of observing the rule of *stare decisis* in this case, nor any compunction in overruling it.   We feel compelled to overrule that case in order to promulgate the correct rule of law for the future.

The contention of plaintiff on cross-appeal is denied, and the judgment exempting the shares of stock affirmed.   The judgment is modified to the extent of disallowing the six dollars salary exempted for a portion of a month not within four weeks, and in all other respects it is affirmed.   Neither party will recover costs on appeal.

ELLIS, C. J., MOUNT, CHADWICK, WEBSTER, and PARKER, JJ., concur.

MAIN, J., concurs in the result.

MORRIS, J., dissents.