[No. 26025. Department Two. April 21, 1936.]

GEORGE F. MILLER, *Respondent,* v. CASCADE CANNING COMPANY *et al., Defendants,* WASHINGTON DEHYDRATED FOOD COMPANY, *Appellant.*[1]

*J. Harold Anderson* and *Clark & Grady,* for appellant.

*Crollard & O'Connor,* for respondent.

[1]Reported in 56 P. (2d) 1305.

Blake, J.—September 10, 1932, plaintiff obtained judgment in the superior court of Chelan county in the sum of $1,560.50 against the defendants, Cascade Canning Company, a corporation, Ira D. Cardiff, and the marital community composed of Ira D. Cardiff and Myrtle S. Cardiff.

October 5, 1932, a garnishment was issued on the judgment, directed to Washington Dehydrated Food Company, a corporation. Ira D. Cardiff was then, and at all times mentioned herein, the manager and one of the principal stockholders of that corporation. What is entitled "Answer to Writ of Garnishment" was filed May 15, 1934. This was verified as of October 11, 1932, by Ira D. Cardiff, as manager of Washington Dehydrated Food Company. This answer denied any indebtedness owing from the garnishee to Cardiff, but admitted that, according to the books of the company, 6,162 shares of its stock stood in the name of Ira D. Cardiff. It was alleged in the answer that one hundred of such shares in fact belonged to another, but they had not been transferred on the books of the company.

Theretofore, on May 2, 1934, plaintiff had filed a reply to the answer, admitting the allegations thereof and praying judgment accordingly. Upon this state of the record, plaintiff was entitled to judgment subjecting 6,062 shares of stock of Washington Dehydrated Food Company to the satisfaction of his judgment. Rem. Rev. Stat., § 695 [P. C. § 8014].

But also, on May 15, 1934, the garnishee filed what is called an "Amended and Supplemental Answer to Writ of Garnishment." This amended answer was also verified by Ira D. Cardiff, as manager of the corporation. This amended answer modified the original answer only in this particular—that, at the time the writ of garnishment was served, 4,429 shares of Cardiff's stock were pledged to one Hathaway; that Hath-

away had since foreclosed his pledge. (Hathaway, by the way, is Cardiff's brother-in-law.)

On May 23, 1934, the garnishee filed a second amended answer, in which it denied any indebtedness to Cardiff, either then or at the time the writ was served. It was alleged that, when the writ was served, 6,162 shares of stock stood in the name of Cardiff on the books of the company; that one hundred of such shares in fact belonged to another, though not transferred on the books; that 4,429 of such shares were, at the time the writ was served, pledged to Hathaway, and that the pledge had been foreclosed; that a certificate for that number of shares had been issued to Hathaway. The plaintiff filed a controversion to the second amended answer.

The cause came on for trial

" . . . on the issues raised by the writ of garnishment . . . the amended answer of Washington Dehydrated Food Company, a corporation, which is in fact its second amended answer, and plaintiff's reply controverting said amended answer."

The court entered judgment against the garnishee in the sum of $1,623, the amount due on the judgment against Cardiff entered in the principal action; the judgment also impounding 633 shares of stock of Washington Dehydrated Food Company standing in the name of Cardiff on the books of the company. The garnishee defendant appeals.

The following facts appear to be uncontroverted: When the writ was served and the original answer thereto was verified in October, 1932, Cardiff was indebted to the garnishee defendant to the extent of several thousand dollars; that no balance was ever struck with respect to such indebtedness between Cardiff and the garnishee defendant; that, between October, 1932, and March, 1934, the garnishee paid to Cardiff, in

money, sums aggregating much more than the amount of such indebtedness and the amount of respondent's judgment in the principal action combined.

Now, the rule is that a writ of garnishment impounds all moneys due from the garnishee up to the date of answer. *Frieze v. Powell,* 79 Wash. 483, 140 Pac. 690. Since the cause was tried on the issues raised by the second amended answer and the controversion thereto, the money judgment was properly entered against the garnishee under the rule of *Lemagie v. Acme Stamp Works,* 98 Wash. 34, 167 Pac. 60. That case is in all respects analogous to this. There, as here, at the time the writ was served, the debtor in the principal action was also indebted to the garnishee. The account, however, was unbalanced at the date the writ was served. Subsequent to the service of the writ and before answer, the garnishee paid the debtor a certain sum which, had the account between it and the debtor been balanced, the garnishee might have applied on the account. The court held that, by making the payment to the debtor, the garnishee waived its right to apply the amount on his account, and was liable to the garnishor in the amount of its payment to the debtor.

Appellant contends that the *Lemagie* case is not in point. It takes the position that, with respect to the status of the account between it and Cardiff, its rights and liabilities are to be determined as of the date of service of the original answer to the writ; that, since nothing was owing by it to Cardiff at that time, the writ impounded nothing. In other words, with respect to any indebtedness, it seeks to have its rights and liabilities determined as of October, 1932, while as to the stock, it wants its obligation determined under its second amended answer of May, 1934.

The difficulty with this theory is that it was not sug-

gested to the lower court. As we have seen, the cause was presented, heard and decided on the issues made by the second amended answer to the writ and the controversion thereof. So far as the record shows, the original answer to the writ was not called to the trial court's attention. There was nothing in the record to show when the original answer to the writ was served. Proof of service was attempted to be made by affidavits verified March 22, 1935, and April 29, 1935, and filed March 25th and April 30th, respectively. The judgment against the garnishee had been entered March 5, 1935.

This court must consider the case on the record made in the court below, and it will not consider a theory presented here for the first time. *Brengman v. King County,* 107 Wash. 306, 181 Pac. 861; *In re Corneliusen's Estate,* 182 Wash. 488, 47 P. (2d) 843.

Judgment affirmed.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.