[No. 28458. Department One. July 6, 1942.]

D. E. FRYER & COMPANY, *Respondent,* v. GEORGE L.
THOMPSON *et al., Defendants,* F. W.
ERIKSON, *Appellant.*[1]

*H. E. Gorman* and *M. M. Pixley,* for appellant.

*Elliott & Kells,* for respondent.

DRIVER, J.—On December 21, 1939, plaintiff cor-
poration recovered judgment against defendants,

[1]Reported in 127 P. (2d) 408.

George L. Thompson and wife, in the amount of $333.47, plus interest at the rate of six per cent per annum from August 8, 1938, and costs of $19.50. A writ of garnishment issued on this judgment, directed to F. W. Erikson, was served upon him January 17, 1940. The garnishee defendant, in his answer served on February 6, alleged:

"That prior to said 17 day of January, 1940, this garnishee defendant entered into a contract with the said defendant, George L. Thompson, whereby the said defendant was to construct upon the property owned by this garnishee defendant a residence and furnish all labor and material therefor, as in said contract set forth, for the contract price of $7639; that by said contract this garnishee defendant was to withhold sufficient moneys to see that all labor and materials were paid; that said residence is nearing completion; that prior to the 17 day of January, 1940, this garnishee defendant had paid to the defendant, George L. Thompson, the full sum of $6209.00 for and on behalf of said contract, leaving a balance in the sum of $1430.00; that on said date, to-wit: the 17 day of January, 1940, the said defendant, as such contractor, had incurred bills for materials and labor for and on account of said residence and such contract in a sum in excess of $1600.00 in addition to that previously incurred and paid for and for which this garnishee defendant is responsible and liable, and in the event that this garnishee defendant fails to make such payments for such labor and materials so furnished then the creditors thereof will have a lien upon the property of this garnishee defendant for such amounts and by reason thereof this garnishee defendant is not now and was not on the 17 day of January, 1940, indebted to the said George L. Thompson or Pauline Thompson, his wife, or either of them, in any amount whatsoever, . . ."

The plaintiff controverted the answer, and a trial before the court resulted in findings of fact, conclusions of law, and judgment in its favor. The garnishee defendant has appealed.

All of the witnesses who testified to facts material on this appeal were called by the appellant, and there is no substantial conflict in the testimony. The facts, as disclosed by the record, and found by the trial court, essential to determination of the questions presented here, may be summarized as follows:

On September 21, 1939, Mr. Thompson, defendant husband below, contracted to furnish all the necessary materials and labor and construct a dwelling house for appellant. By the terms of the agreement, the contractor was to be paid, as the work progressed, eighty-five per cent of the total amount of receipted bills in his possession on the first day of each month, the retained percentage to be paid "30 days after completion and acceptance of the job by the owner." The contract further provided that,

"Upon receipt of written notice that the work is ready for final inspection and acceptance, the owner shall promptly make such inspection, and when he finds the work acceptable under the Contract and the Contract fully performed he shall promptly issue a final certificate, over his own signature, stating that the work provided for in this Contract has been completed and is accepted by him under the terms and conditions thereof, and that the entire balance found to be due the Contractor, and noted in said final certificate, is due and payable.

"Before issuance of final certificate the Contractor shall submit evidence satisfactory to the owner that all payrolls, material bills, and other indebtedness connected with the work have been paid."

The work was commenced in September, 1939, and, by January 1, 1940, was approximately seventy-five per cent completed. Appellant did not make any payments on the contract direct to Mr. Thompson after January 12th. By that time, the contractor was in such financial straits that he could no longer pay for labor and materials furnished for the construction of the

building, and thereafter, as bills were presented to him, he referred the claimants to appellant.

At the time of the service of the writ of garnishment, appellant had paid the contractor about $6,200, leaving approximately $1,440 of the contract price unpaid. Thereafter, appellant paid claims for which liens had been filed against his property in the aggregate amount of $612.86; but, prior to the service of his answer, he also paid certain materialmen $531, for which no liens had been filed and for which no valid liens could have been filed for the reason that each of such materialmen had failed to give the owner notice in writing of the furnishing of materials to the contractor within five days after the first delivery thereof, as required by Rem. Rev. Stat., § 1133 [P. C. § 9706]. All of the bills for these materials were approved by the contractor, and, at his request, were paid by the appellant and charged to the contractor's account. Appellant moved into the house about the first of March, 1940. At the time of the trial, the work was fully completed with the exception of some minor items of interior finish, which would cost, the contractor testified, "$25 or $30, in the neighborhood of that."

██ It is appellant's contention that, since his liability to the contractor was contingent on the future performance of the building contract, such liability was not subject to garnishment under the rule, as stated in 4 Am. Jur. 682, § 200:

" . . . where a further performance of a contract is necessary before the money payable thereon becomes due, the view is generally taken that the payment is conditioned on the performance, and is not subject to garnishment until the condition has been fulfilled."

It is not necessary for us to decide whether or not the rule would have been applicable in the instant

case if the appellant had not, after service of the writ and prior to service of his answer, voluntarily paid nonlienable claims of the creditors of the contractor, totaling more than the amount of respondent's judgment, as we think that, having done so, he is not in a position to invoke the rule.

Manifestly, it was not necessary for appellant to pay such claims to protect his property from lien encumbrances, and there was no provision in his contract authorizing him to pay the contractor's common creditors for materials furnished in the construction of the building. Under the above-quoted provision of the contract, appellant was not required to issue the final certificate and pay the retained percentage of the contract price until the contractor had submitted satisfactory evidence that material bills and other indebtedness connected with the work, whether lienable or not, had been paid; but appellant waived that provision of the contract by making the payments in question. Furthermore, in so far as the determination of his liability under the writ of garnishment is concerned, he thereby, in effect, acknowledged his indebtedness to the contractor (defendant). Rem. Rev. Stat. (Sup.), § 688 [P. C. § 8007]; *Lemagie v. Acme Stamp Works,* 98 Wash. 34, 167 Pac. 60; *Miller v. Cascade Canning Co.,* 186 Wash. 118, 56 P. (2d) 1305.

The cited statute provides that, after the service of a writ of garnishment, it shall not be lawful for the garnishee to pay to the defendant any debt or to deliver to him any effects; and that any such payment or delivery shall be void and of no effect as to so much of the debt or effects as may be necessary to satisfy the plaintiff's demand.

In the first of the cited cases, at the time of the service of the writ of garnishment, the defendant was an officer of the garnishee and drawing a salary of $150

a month. He had then overdrawn his salary account and was indebted to his employer. After the service of the writ and up to the date of an amended answer, the garnishee advanced to the defendant an amount substantially in excess of his accrued salary for that period. The trial court, in effect, held that the garnishee had no right, after garnishment, to advance to the defendant any funds except those clearly exempt by law. The garnishee, the appellant in this court, contended that it was entitled to set off its debt against the defendant to the exclusion of the plaintiff in garnishment. Answering the contention, this court said, p. 37:

"Whatever garnishee owed to the defendant at that time was impounded by the service of the writ, subject to the right of the defendant to claim his lawful exemption of wages. *The garnishee admitted its indebtedness to the defendant by paying to him, after the service of the writ, the sum of $213.95. This must be construed as a waiver on the part of the garnishee of any right on its part to balance the account between it and the defendant as of the date of the issuance and service of the writ.* Had it balanced its account, or any part thereof, at any moment of time before the issuance and service of the writ, by applying any funds or property in its hands to the payment of any debt it held against the defendant, the property or fund so applied could not have been impounded by garnishment. Not having so applied the fund in its possession, it could not arbitrarily apply funds coming into its possession afterwards up to the time of answering in garnishment, and so pay itself and defeat the garnisheeing creditor." (Italics ours.)

The other case, *Miller v. Cascade Canning Co.*, was also a garnishment proceeding. When the writ was served and when the original answer thereto was verified, one of the defendants was indebted to the garnishee to the extent of several thousand dollars, and no balance was ever struck with respect to such in-

detedness between the defendant and the garnishee. The garnishee filed an amended answer and a second amended answer, and the case was tried upon the issues presented by the last-named pleading and the controversion thereof by the plaintiff. After the service of the writ and long prior to the filing of the second amended answer, the garnishee paid the defendant, in money, sums aggregating much more than the amount of plaintiff's demand. This court's holding appears from the following language of the opinion, p. 121:

"Now, the rule is that a writ of garnishment impounds all moneys due from the garnishee up to the date of answer. *Frieze v. Powell,* 79 Wash. 483, 140 Pac. 690. Since the cause was tried on the issues raised by the second amended answer and the controversion thereto, the money judgment was properly entered against the garnishee under the rule of *Lemagie v. Acme Stamp Works,* 98 Wash. 34, 167 Pac. 60. That case is in all respects analogous to this. There, as here, at the time the writ was served, the debtor in the principal action was also indebted to the garnishee. The account, however, was unbalanced at the date the writ was served. Subsequent to the service of the writ and before answer, the garnishee paid the debtor a certain sum which, had the account between it and the debtor been balanced. the garnishee might have applied on the account. The court held that, by making the payment to the debtor, the garnishee waived its right to apply the amount on his account, and was liable to the garnishor in the amount of its payment to the debtor."

Appellant also maintains that, by the terms of his agreement, the contractor was required not only to construct and deliver a house free from liens, but also to pay all bills, lienable or otherwise, incurred in the course of the work, and that appellant was entitled to specific performance of that provision of the contract. However, appellant did not at any time claim or as-

sert a right to specific performance. Instead of doing so, he elected to pay directly the debts of the contractor, a thing which no provision of his contract authorized him to do. And by making such payments after service of the writ and prior to the service of his answer, we think he has subjected himself to liability to the respondent, as the garnishment plaintiff, under the statute and the cases which we have cited.

Judgment affirmed.

ROBINSON, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.