UNITED STATES of America,
Plaintiff,

v.

John A. ALLEN, Defendant,

and

Land Title Company of Spokane, a corporation, Defendant and Third-Party Plaintiff,

v.

SEATTLE–FIRST NATIONAL BANK, a national banking association, Third-Party Defendant.

Civ. No. 1987.

United States District Court
E. D. Washington, N. D.

June 26; 1962.

Frank R. Freeman, U. S. Atty., John F. Beggan, Trial Attorney, Washington, D. C., for plaintiff.

Hart Snyder of McKevitt, Snyder & Thomas, Spokane, Wash., for defendant and third-party plaintiff.

E. Lawrence White of Keith, Winston & Repsold, Spokane, Wash., for third-party defendant.

POWELL, Chief Judge.

This is an action to recover a payment made after the filing of a federal tax lien under Sections 6321 and 6322 of Title 26 U.S.C.A. The facts as found are set forth hereafter and made a part of this opinion.

It is my opinion that plaintiff is entitled to recover in this action against Land Title Company, defendant. The taxpayer, John A. Allen, has defaulted and judgment has been entered against him. The plaintiff claims that after the tax liens were filed and notice of the filings was given to the Land Title Company, it paid certain funds of defendant Allen to him or for his benefit. That company is referred to hereafter as though it were the only defendant.

Land Title Company, defendant, was the escrow agent of funds of a builder, one Larch G. Cody. It made payment in the sum of $2,415.87 on July 30, 1957, to the Opportunity Branch, Seattle First National Bank. The defendant claims the payment was to meet a payroll, which represented lienable labor claims. The bank was originally a defendant in this action but was dismissed out by stipulation. Later it was brought back into the case as a third party defendant on the application of the defendant who is also third party plaintiff.

The Land Title Company asserts that the taxpayer had no property interest

in the funds involved for the following reasons:

1. The estimates showed that the taxpayer was overpaid, the work being only 60% completed and the taxpayer having received more than that percentage of the contract price under the contract between the builder, Larch G. Cody, and the taxpayer Allen, as contractor.

2. The payment was on items of unpaid payroll representing wage claims, which were lienable items, and that since the taxpayer was required under his contract with Cody to pay all labor and material claims so there would be no liens, the payment was in fact a payment by Cody to protect his property and taxpayer had no property interest in the funds.

The plaintiff states that the payment was made by defendant for the account of the taxpayer with the bank, with full knowledge of the tax assessment and liens, and it seeks to recover that payment from the defendant, who seeks recovery over from the third party defendant. The court has ordered all questions on the third party complaint held in abeyance until the liability of the defendant to the plaintiff is determined. This opinion deals only with the claim of the plaintiff against the defendant.

There is little dispute in the law. The statute, 26 U.S.C.A. §§ 6321 and 6322, give the plaintiff a lien on the property of the taxpayer. The nature of the question here is stated in Johnson Service Company v. Roush, 57 Wash.2d 80, 85; 355 P.2d 815, 818, as follows:

(1) "Whatever interest the United States might have herein is predicated upon section 6321 of the Internal Revenue Code of 1954, 26 U. S.C.A. § 6321, which reads as follows:

" 'If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all *property* and *rights to property*, whether real or personal, belonging to such person.' (Italics ours.)

(2) "Thus, the initial question to be resolved is not one of *priority*, but one of *property*. It must first be determined to what extent, if any, the taxpayer had 'property' or 'rights to property' in the retained percentage fund to which the federal tax liens could attach. This is a matter to be ascertained under state law. As the United States supreme court so recently stated in Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365:

" 'The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had "property" or "rights to property" to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that "in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property * * * sought to be reached by the statute." [§ 6321, supra] Morgan v. Commissioner, 309 U.S. 78, 82, 60 S.Ct. 424, 84 L. Ed. 585, 1035. Thus, as we held only two Terms ago, Section 3670 [§ 6321 of the 1954 Code] "creates no property rights but merely attaches consequences, federally defined, to rights created under state law * * *." United States v. Bess, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135, * * *.' "

The question for determination is whether the taxpayer Allen had property or rights in property in and to the funds when the defendant made payment. If he did have, the plaintiff's lien attached and that payment was wrongful. Plaintiff could then recover because of conversion of the funds and im-

pairment of the lien. Exeter Company v. Holland Corporation, 172 Wash. 323, 20 P.2d 1, 23 P.2d 864; American State Bank v. Sullivan, 134 Wash. 300, 235 P. 815.

The cases passing on this question have primarily dealt with a situation where the taxpayer's property rights in funds representing retained percentages under a construction contract are disputed. It has been held that a taxpayer who was obligated to pay all labor and materialmen has no property interest in the retained percentage which does not equal or exceed the total of lienable items. B-Line Transport v. Poitevin, 159 Wash.Dec. 593; 369 P.2d 310; Johnson Service Company v. Roush, 57 Wash. 2d 80, 355 P.2d 815; Jackson v. Flohr, 227 F.2d 607 (9 Cir. 1955).

The case most nearly in point here is Fryer & Co. v. Thompson, 14 Wash. 2d 141, 127 P.2d 408. There the plaintiff recovered judgment against the defendant for $333.47. A writ of garnishment was issued to the garnishee to recover the amount of the judgment. In answer to the writ the garnishee stated that the defendant agreed to construct a residence and furnish all labor and material and that the garnishee defendant was to withhold sufficient monies to see that all labor and materials were paid. The answer stated that at the time of the service of the writ there were labor and material items unpaid in excess of the amount due defendant. The answer was controverted.

On the trial it developed that after the service of the writ, but before he answered, garnishee paid an amount to materialmen in excess of the judgment, for which no liens had been filed and for which no valid liens could have been filed. The bills were approved by the contractor and at his request were paid and charged to his account.

The court held the garnishee defendant liable on his answer for the amount of the judgment. It stated:

"Manifestly, it was not necessary for appellant to pay such claims to protect his property from lien encumbrances, and there was no provision in his contract authorizing him to pay the contractor's common creditors for materials furnished in the construction of the building. Under the above-quoted provision of the contract, appellant was not required to issue the final certificate and pay the retained percentage of the contract price until the contractor had submitted satisfactory evidence that material bills and other indebtedness connected with the work, whether lienable or not, had been paid; but appellant waived that provision of the contract by making the payments in question. Furthermore, in so far as the determination of his liability under the writ of garnishment is concerned, he thereby, in effect, acknowledged his indebtedness to the contractor (defendant). Rem.Rev.Stat.Sup., § 688 (P.C. § 8007); Lemagie v. Acme Stamp Works, 98 Wash. 34, 167 P. 60; Miller v. Cascade Canning Co., 186 Wash. 118, 56 P.2d 1305."

It is my opinion that the payment by the Land Title Company to the bank, being a nonlienable item, was a recognition by the escrow agent and the builder of an indebtedness due to the taxpayer Allen, and in view of the payment, the subsequent termination of the agreement and the waiver of strict provisions of the escrow instructions, the defendant Land Title Company is liable to the plaintiff for the amount of the payment made, with interest and costs.

## FINDINGS OF FACT

1. This action has been authorized and requested by the Commissioner of Internal Revenue, a delegate of the Secretary of the Treasury of the United States, and is brought under the direction of the Attorney General of the United States. Jurisdiction is conferred upon this Court by Section 1345 of Title 28 United States Code, for the reason that this is a civil action brought by the United States as a party plaintiff.

2. The defendant, John A. Allen, resides at East 12711 Saltese Road, Opportunity, Washington. The defendants, Land Title Company of Spokane and Seattle-First National Bank, are doing business in the Eastern Judicial District of Washington.

3. The Commissioner of Internal Revenue, through his duly authorized delegate, made assessments of federal withholding taxes, penalties and interest against the defendant, John A. Allen, in April, May, July and August of 1957, duly gave him notice of these assessments, stating the amount and demanding payment thereof, and filed notices of tax liens in the amount of $1,705.65 on May 13, 1957, and in the amount of $3,136.15 on June 13, 1957, with the Auditor of Spokane County, Washington, and the outstanding balance on these assessments is $3,931.45, plus interest thereon as provided by law. (Plaintiff's Exhibits 10 and 11).

4. On March 16, 1962, judgment was entered against John A. Allen in the amount of $5,048.56, plus interest on this sum at six per cent per annum from March 12, 1962, until paid, plus costs and disbursements in the sum of $41.80.

5. A written agreement dated December 1, 1956, (Plaintiff's Exhibit 2) was entered into between the defendant, John A. Allen, and Larch G. Cody whereby for the sum of $58,110.00 John A. Allen agreed to participate in the construction of a twelve unit apartment house on the northwest corner of 5th Avenue and Adams Street in the City of Spokane, which corner is more particularly described as Lot 6, Block 51, First Addition to Spokane, Washington. The said agreement was executed by Larch G. Cody and John A. Allen on February 1, 1957.

6. On June 13, 1957, Alex P. Slessor, a collection officer attached to the Spokane, Washington, office of the District Director of Internal Revenue for the District of Seattle, delivered to the defendant, Land Title Company of Spokane, a copy of a Form 668, Notice of Federal Tax Lien, No. SP–121–57, which Notice stated, *inter alia*, that there were in existence federal tax liens securing assessments of withholding taxes against the defendant, John A. Allen, for the quarters ended June 30, 1955, and September 30, 1955, in the aggregate sum of $1,705.65. (Plaintiff's Exhibit 1)

7. On June 13, 1957, Alex P. Slessor, a collection officer attached to the Spokane, Washington, office of the District Director of Internal Revenue for the District of Seattle, delivered to the defendant, Land Title Company of Spokane, a copy of a Form 668, Notice of Federal Tax Lien, No. SP–147–57, which Notice stated, *inter alia*, that there were in existence federal tax liens securing assessments of withholding taxes against the defendant, John A. Allen, for the quarters ended June 30, 1956, and September 30, 1956, in the aggregate sum of $3,136.15. (Plaintiff's Exhibit 1)

8. On June 13, 1957, Alex P. Slessor, the aforementioned collection officer, delivered to the defendant, Land Title Company of Spokane, a letter advising it that the United States of America claimed a lien on all property and rights to property, real or personal, now owned or subsequently acquired by the defendant, John A. Allen. The said letter further provided that the federal tax liens applied to any amounts due or to become due to the defendant, John A. Allen, and cautioned the defendant, Land Title Company of Spokane, that before paying any amount to the defendant, John A. Allen, it should first determine that the liens of the United States had been satisfied. (Plaintiff's Exhibit 1)

9. The following letter was sent to the Land Title Company by the Seattle-First National Bank:

"July 5, 1957
"Land Title Company
"714 West Sprague Ave.,
"Spokane, Washington
            "Attn: Beverly Coy
"Dear Miss Coy:
   "On several occasions we have advanced Mr. John A. Allen of 12711

East Saltese funds for construction purposes. Today Mr. Allen has paid this office a visit and wishes that all proceeds of his various work through your financing department be sent to this branch of the Seattle-First National Bank. Mr. Allen's concurrence by his signature appears below. If any checks are received that more than cover his incumberances, we will deposit the balance to his checking account.

"Will you kindly correspond with the undersigned regarding this procedure.

"Sincerely,

"s/ W. V. Stenton

"W. V. Stenton

"Branch Manager

"I concur in the above statements.

"s/ John A. Allen

"John A. Allen"

(Plaintiff's Exhibit 5)

10. After the letter referred to in paragraph 9 was sent and received, and on or about July 30, 1957, a check was drawn on the escrow account of Larch G. Cody, with the Land Title Company, in the amount of $2,415.87, was made payable to and was delivered to the Opportunity Branch of the Seattle-First National Bank. The proceeds of the check were applied by the bank on nonlienable obligations owing to the bank by the defendant Allen. (Defendant's Exhibit 12).

11. On or about February 13, 1957, the Third Party Defendant, through its Opportunity Branch, loaned to the defendant the sum of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00) purportedly for payroll purposes on the defendant Allen's performance on a contract on a twelve unit apartment being constructed by defendant Allen on the Northwest corner of Fifth Avenue and Adams Street in the City of Spokane, Washington, and for the purpose of paying an outstanding loan with another branch of Third Party Defendant in the amount of $595.95 plus interest of $28.75.

12. On or about July 5, 1957, the defendant Allen borrowed the further sum of SIX HUNDRED FORTY DOLLARS ($640.00) from the Opportunity Branch of the Third Party Defendant. At the time the loan of July 5, 1957, in the amount of $640.00 was made, the bank sent to the Land Title Company the letter set forth in paragraph 9 above.

13. The defendant paid the sum of $2,415.87 to and for the account of defendant-taxpayer, John A. Allen, which constituted a recognition that taxpayer had a property right in that sum. The payment was not made to discharge a lienable item although the escrow agent of defendant mistakenly thought that it was.

14. The payment was made under the direction of taxpayer and not in accordance with the escrow instructions, (Plaintiff's Exhibit 3) which provide in part as follows:

"2. Checks will then be made jointly to Larch G. Cody and John A. Allen in this amount upon presentation by Mr. Allen of receipted bills for labor and materials for a like amount on all items except painting, electrical work, plumbing and heating. These items will be disbursed directly to Larch G. Cody and M. J. Quinton for electrical; Larch G. Cody and Clarence Weston for plumbing and heating, and to Larch G. Cody alone on painting."

15. The builder by the execution of the termination agreement, (Plaintiff's Exhibit 4) has recognized the taxpayer's ownership of the sum in question $2,415.-87. The escrow agent, defendant here, is the alter ego of the builder, Larch G. Cody, and the payment by it is the same as though payment was made by the builder.

CONCLUSIONS OF LAW

1. The taxpayer had property and rights to property in the sum of $2,415.87 involved in this case.

2. The plaintiff had a valid lien thereon when payment was made to the

Seattle-First National Bank, Opportunity Branch, by defendant Land Title Company on July 30, 1957. Payment was made to and for the account of taxpayer John A. Allen in disregard of the lien of plaintiff.

3. Plaintiff is entitled to judgment against Land Title Company in the sum of $2,415.87 with interest thereon at the rate of six percent per annum until paid, together with plaintiff's costs to be taxed.

The above will constitute the Findings of Fact and Conclusions of Law in this case on the question of liability of the defendant to the plaintiff. The question of the liability of the third party defendant will remain for determination. Plaintiff is directed to prepare and submit a judgment in accordance with the above.