[No. 10420.    Department Two.    January 7, 1913.]

T. J. REILEY, *Respondent*, v. SPOKANE SANITARY LAUNDRY COMPANY *et al., Appellants.*[1]

CONTRACTS—CONSIDERATION—PROMISE TO PAY DEBT OF ANOTHER. One purchasing property of a receiver under an agreement to pay all costs of the receivership, is liable for a feed bill incurred by the receiver, on the theory that, on a promise to pay to another the latter's debt to a third person, the third person may maintain an action thereon.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 11, 1911, upon findings in favor of the plaintiff, in an action on contract, after a trial to the court. Affirmed.

*Berkey & Cowan* and *W. W. Zent,* for appellants.

*Danson, Williams & Danson (George D. Lantz,* of counsel), for respondent.

MORRIS, J—This action was brought to recover for the hire and feed of certain horses, contracted for partly by the appellant company and partly by its receiver. The liability of appellant Hose is based upon his written agreement with the receiver, in putting in a bid under which he purchased the property from the receiver, to pay all costs of the receivership

[1]Reported in 128 Pac. 1075.

proceedings. The court below held that, under this agreement, Hose was liable for the respondent's bill, and we think it was right in so holding. The liability of Hose is one of fact, and is to be determined from all the evidence in the case. We have no doubt that, in making his agreement to purchase from the receiver, he fully intended, and the receiver understood he was, to pay such a sum as would relieve the receiver from all costs and expense he had become obligated for in carrying on the laundry business.

Appellants' contention is that this case falls within that rule of law refusing to recognize a right of action in one who is a stranger to a contract, because of some indirect or incidental benefit which might accrue because of the performance of the contract. This rule may be conceded, but in our opinion it has no application here. It is clear to us from all the facts that Mr. Hose considered he was bound to pay the respondent's bill, that he had this in mind in using the language he did, and that he brings himself within another well-recognized rule of law, that where one person makes a promise to another to pay the latter's debt to a third, the third person may maintain an action on the promise in his own name. The whole matter is so largely one of evidence that we will not discuss the matter farther, believing, as we do, that the liability enforced should be sustained.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.