[No. 13885. Department Two. May 18, 1917.]

Charles J. Frazey, *Respondent*, v. J. T. Casey, *Appellant*, Louis Gilbert *et al.*, *Respondents*.[1]

Bills and Notes—Oral Assumption by Third Person—Liability —Statutes. Under Rem. Code, § 3409, providing that no person is liable on an instrument whose signature does not appear thereon, the purchaser of mortgaged property who orally assumed and agreed to pay the mortgage debt is not liable to a holder of a note who waives the mortgage and brings an action at law upon the note.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 22, 1915, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Reversed.

*Heber McHugh*, *C. J. Smith*, and *John Casey*, for appellant.

*Tucker & Hyland*, for respondents Gilbert.

*Myers & Johnstone*, for respondent Frazey.

Mount, J.—This is an action at law upon a promissory note. The plaintiff had judgment below against each of the defendants. The defendant Casey has appealed.

The facts are as follows: On March 13, 1911, the defendants Louis Gilbert and Catherine Gilbert, his wife, executed and delivered their promissory note to respondent for $850, with interest at eight per cent. On the same date, a mortgage upon Tract 20, Rainier Beach Garden Tracts, in King county, was given by Gilbert and wife to secure the payment of the note to respondent Frazey. Thereafter, on June 20, 1913, Gilbert and wife sold the mortgaged land to appellant, John T. Casey, for $3,300. Mr. Casey assumed, as part of the purchase price, the note for $850 due to respondent Frazey, also another note for $1,000, which was secured by a first mortgage, and paid $500 in cash. He gave a third

[1]Reported in 165 Pac. 104.

mortgage to Gilbert and wife for $950. The deed from Gilbert and wife to Casey did not mention the mortgages, but a contract was prepared by Gilbert and wife and delivered to Casey to be signed. The contract provided for the assumption by Casey of all the obligations against the property. Mr. Casey did not sign the contract, but accepted the deed, which did not mention the mortgages. The contract of assumption was oral. On the trial of the case, Mr. Casey testified that he purchased only the equity of Gilbert and wife in and to the real estate, but we are satisfied from the evidence that he agreed to purchase for $3,300, which was to be paid as follows: Five hundred dollars ($500) in cash; $950 secured by a third mortgage; and he assumed the obligations against the property, being two mortgages, one for $1,000, in favor of Mr. Cole, and the other for $850, the latter securing the note sued on in this case. The complaint, which is in the ordinary form upon a promissory note, does not mention the fact that a mortgage was given to secure the note. It makes Mr. Casey a party by the following allegation:

"That after the execution of said promissory note and, to wit, on the 19th day of January, A. D. 1914, the defendant John T. Casey purchased certain real estate from the other defendants, and as part of the purchase price of said property said Casey assumed and agreed to pay the said promissory note."

In answer to the complaint, Casey denied that allegation. It is apparent that the action is at law upon the promissory note. Rem. Code, § 3409, provides:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed his own name."

Under this section of the statute, Mr. Casey's signature must appear upon the note before he may be held liable thereon. Mr. Casey was not a maker of the note. He did not indorse it, and if this section means what it says, it is difficult

to understand how Mr. Casey may be held liable in an action at law upon the note, which he did not sign or indorse. The court below was of the opinion that the holder of the note could maintain an action at law against Mr. Casey upon his oral assumption, because Mr. Casey assumed the mortgages upon the property when he purchased it from the defendants Gilbert and wife. The respondent Frazey relies upon the rule in equity that, where a purchaser of mortgaged property assumes and agrees to pay the mortgage debt, equity will enforce payment, either at the instance of the grantor or the holder of the mortgage. There is no doubt of that rule in this state. In *Ordway v. Downey*, 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892, quoting from 2 Devlin on Deeds, § 1073, this court stated the rule as follows:

"It is not necessary that the promise of the grantee to assume the payment of an incumbrance as a part of the consideration for which the deed is made, should be in writing. A verbal promise to do so is valid, and equity will enforce it either at the instance of the grantor or the holder of the mortgage."

To the same effect, see *Solicitors' Loan & Trust Co. v. Robins*, 14 Wash. 507, 45 Pac. 39, and *Ordway v. Downey, supra*, and cases there cited. But those were cases in equity where the mortgagee was foreclosing the mortgage. In such cases, the mortgagee has a right to pursue his remedy against the mortgaged property and against those who have agreed to pay the debt, but no case is cited to us where, in an action at law upon a promissory note, a person not a maker or an indorser may be held liable under a statute like ours.

Upon the face of the statute, we see no escape from the conclusion that, where the holder of a note secured by a mortgage waives the mortgage and brings an action at law upon the note, he may not enforce payment against a person who has not signed the note either as maker or indorser.

We have no doubt of the right of the defendants Gilbert and wife, under the facts stated, to proceed against Mr.

Casey for the full purchase price of the property. The contract between them is an independent contract which is not available to the respondent in an action at law upon the note, because Casey did not sign or indorse the note. Mr. Casey, by not signing or indorsing the note, had a right to assume that the mortgages would be foreclosed and the property sold and the proceeds thereof applied upon the mortgage, before he could be held personally liable.

The judgment as to appellant, Casey, is therefore reversed.

ELLIS, C. J., PARKER, FULLERTON, and HOLCOMB, JJ., concur.