[No. 27835. Department One. April 18, 1940.]

ALBERT NIELSON, *Respondent,* v. W. A. CROSSETT, JR., *et al., Appellants.*[1]

*Lucius G. Nash* and *Norman A. Ericson,* for appellants.

*Pettijohn & McCallum,* for respondent.

[1]Reported in 101 P. (2d) 351.

SIMPSON, J.—This is an action in which plaintiff sought to recover judgment against defendants for the balance due, interest, and attorneys' fees, upon a promissory note executed by defendant E. C. Adams.

The complaint alleges that, prior to January 18, 1936, plaintiff loaned to Roy Wilkinson the sum of $750 for the purpose of enabling Wilkinson to open a garage and service station at Reardan, Washington; that, pursuant to this plan, Wilkinson conceived the enterprise known as Reardan Motor Company; that, thereafter, defendant Adams purchased the garage business from Wilkinson and, as part of the purchase price, assumed the debt owing to plaintiff; that, as evidence thereof, Adams signed and delivered to plaintiff his promissory note in the sum of $750, dated January 18, 1936, payable two years after date. The note, set out in full in the complaint, provided for payment of a reasonable sum as attorneys' fees in any action brought on the note.

It was further alleged that, on or about July 10, 1936, defendants Crossett and Sparks purchased the business from defendant Adams and, as part of the purchase price, assumed and agreed to pay the promissory note owned by plaintiff.

After alleging the maturity of the note, and nonpayment of amounts represented thereby, the complaint continues as follows:

". . . there is now due, owing, and unpaid from the defendants to the plaintiff, on account of said promissory note, the sum of $750 together with interest thereon at the rate of 6 per cent per annum from the 18th day of January, 1936, less a credit of $30 making the total amount due on said promissory note in the sum of $830, including interest to this the 30th day of June, 1938.

"That the sum of $75 is a reasonable sum to be allowed as attorneys' fees in this cause if no contest is

offered hereon. That if the defendants, or any of them, contest this action, then and in that event the sum of $150 is a reasonable sum to be allowed as attorneys' fees, as provided for in said promissory note.

"WHEREFORE, the plaintiff prays for judgment against the defendants herein, and each of them, in the sum of $830, together with interest thereon from this the 30th day of June, 1938, at the rate of 6 per cent per annum, and the further sum of $75 as attorneys' fees if this action is uncontested, and the sum of $150 if contest is offered herein by any of the defendants, together with the costs and disbursements in this action."

Defendant Adams permitted judgment by default to be entered against him. As to defendants Crossett and Sparks, the case was tried to a jury, which returned a verdict in favor of plaintiff. Included in the verdict were interest upon the note and an attorney's fee.

During the trial, motions for nonsuit, for a directed verdict, for judgment n. o. v., and for a new trial were seasonably made by defendants and denied by the trial court. From judgment entered upon the verdict, defendants Crossett and Sparks have appealed.

Evidence which the jury was justified in believing sustained all of the allegations contained in the complaint.

Appellants, admitting, *arguendo*, the truth of the allegations contained in the complaint and the proof submitted in support thereof, contend that they are not liable, for the reason that they did not sign the note. In so doing, appellants raise the disputed question as to what was the theory upon which respondent prosecuted his action in the trial court.

In their appeal, appellants argue that respondent seeks to enforce liability upon the note itself. Respondent urges that his action is based, not upon the note, but upon appellants' oral promise to assume the obligation which the note represents.

Examination of the language of the complaint, particularly that portion which we have quoted, and of the statement of facts, concludes this issue in favor of appellants. The allegations relative to attorneys' fees refer directly to the promissory note and are specifically aimed, not only at Adams, but at appellants. This, and other language employed in the complaint, indicate that it was respondent's unambiguous intention to sue on the note. From the opening statement by counsel for respondent, and from the manner in which many of his questions were phrased throughout the trial, it is equally apparent that the case was tried upon the same theory.

Having presented his case in the trial court as an action upon a promissory note, respondent cannot, upon appeal, adopt the wholly different theory of suit upon an oral promise. *In re Corneliusen's Estate,* 182 Wash. 488, 47 P. (2d) 843; *Miller v. Cascade Canning Co.,* 186 Wash. 118, 56 P. (2d) 1305; *Fisch v. Marler,* 1 Wn. (2d) 698, 97 P. (2d) 147.

■ For similar reasons, respondent is in no position to rely upon the proposition that, if the complaint be found to be objectionable, it will be considered amended to conform to the proof. This reasoning is inappropriate in the case at bar for the additional reason that we find nothing in the proof which is inconsistent with the pleadings as we have construed them.

■ The law relative to liability upon a note, not signed by the one sought to be charged, is contained in Rem. Rev. Stat., § 3409 [P. C. § 4089], and reads as follows:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed his own name."

This court passed upon and construed that section in *Spokane Security Finance Co. v. Anderson Co., Inc.,* 177 Wash. 554, 33 P. (2d) 102; 180 Wash. 691, 39 P. (2d) 606. In that case, an attempt was unsuccessfully made to recover judgment upon a promissory note against an individual who had not signed it but had, some time after its making, agreed to pay it for a valuable consideration.

In passing upon the question, we reaffirmed and quoted from our holding in *Frazey v. Casey,* 96 Wash. 422, 165 Pac. 104, in which case we stated:

"Where a purchaser of mortgaged property assumes and agrees to pay the mortgage debt, equity will enforce payment, either at the instance of the grantor or the holder of the mortgage. There is no doubt of that rule in this state. [Citing cases.] . . . But those were cases in equity where the mortgagee was foreclosing the mortgage. In such cases, the mortgagee has a right to pursue his remedy against the mortgaged property and against those who have agreed to pay the debt, but no case is cited to us where, in an action at law upon a promissory note, a person not a maker or an indorser may be held liable under a statute like ours.

"Upon the face of the statute, we see no escape from the conclusion that, where the holder of a note secured by a mortgage waives the mortgage and brings an action at law upon the note, he may not enforce payment against a person who has not signed the note either as maker or indorser."

There is no difference between the facts and the law applicable thereto in the cited cases and the one at bar. Those decisions correctly apply the law, and we adhere to the rule there announced.

Respondent maintains that a promise for a valuable consideration made by one person to another to pay such other's debt to a third person is an original undertaking rendering him liable thereon. Cited in support

of this proposition are *Reiley v. Spokane Sanitary Laundry Co.,* 71 Wash. 516, 128 Pac. 1075; *Hart v. Bogle,* 88 Wash. 125, 152 Pac. 1010; and *Union Machinery & Supply Co. v. Darnell,* 89 Wash. 226, 154 Pac. 183. These cases properly announce the rule as contended for by respondent, but are not in point, because they do not concern liability upon a promissory note. In the instant case, our holding is controlled by a statute which protects one who is not a signer of the note upon which action is brought.

Respondent contends that in *First Nat. Bank & Trust Co. v. United States Trust Co.,* 184 Wash. 212, 50 P. (2d) 904, this court has receded from the position taken in *Spokane Security Finance Co. v. Anderson Co., Inc., supra.* While, in both cases, the defendant was charged with an obligation evidenced by a promissory note on which his name did not appear, an examination of the two decisions demonstrates that the cases were tried upon entirely different theories. In the *Spokane Security Finance Co.* case, as stated, liability was sought to be established in an action on the note itself, whereas the action in the *First Nat. Bank & Trust Co.* case was waged upon a written contract whereby the party charged with liability had agreed to assume payment of a portion of the debt underlying the note.

Appellants were entitled to have granted either their motion for dismissal, their motion for a directed verdict, or their motion for judgment n. o. v.

The judgment is reversed, with instructions to dismiss the action.

BLAKE, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.