[No. 44581.   En Banc.   June 16, 1977.]

HEGGEN CONSTRUCTION CO., INC., *Plaintiff*, v. GREGORIO M. TURALBA, ET AL, *Respondents*, IRVING E. CLITHERO, *Appellant*.

*Reseburg & Reseburg* and *William R. Reseburg,* for appellant.

*Bogle & Gates, Donald E. Brown,* and *Don Paul Badgley,* for respondents.

HOROWITZ, J.—Defendant–appellant Irving E. Clithero appeals a judgment on a cross claim holding him liable for one–half the indebtedness of one Jean Teevens. Liability was based on the assumption clauses in a quitclaim deed from Teevens to Clithero.[1] This case was certified here by the Court of Appeals, Division One.

On June 19, 1968, Heggen Construction Co., Inc., sold an apartment building to Gregorio M. Turalba and Hazel F. Sherrick by real estate contract for $100,000. $20,000 was paid down and installment payments were required of about $800 per month. On November 3, 1969, Turalba and

---

[1] The portion of the deed in question reads as follows: "Lot 2 and the South 8 feet 6 1/2 inches of Lot 1 in Block 1 of Adelle Addition to the City of Seattle, as per plat recorded in Volume 2 of Plats, page 16, records of King County, Washington.

"SUBJECT TO real estate contract dated June 19, 1968, between Heggen Construction Co., Inc., a Washington corporation, as seller, and Gregorio M. Turalba, a single man, and Hazel Fyrn Sherrick, a single woman, as purchasers, (whose interest is now held of record by the Grantor herein), which contract the Grantee herein agrees to assume and pay according to its own terms and conditions on a pro–rata basis.

"SUBJECT TO deed and purchaser's assignment of real estate contract in the nature of a mortgage dated November 3, 1969, between Jean Teevens, an unmarried woman, as grantor, and Gregorio M. Turalba and Hazel Fyrn Sherrick, as grantee, securing payment of one promissory note of even date in the sum of $16,290.11, which encumbrance the Grantee agrees to assume and pay according to its own terms and conditions on a pro–rata basis.

"SUBJECT TO deed and purchaser's assignment of contract in the nature of a mortgage dated November 3, 1969, to Averbeck Realty, Inc., securing payment of a note of even date in the sum of $6,685.00, which the grantee herein agrees to assume and pay according to its own terms and conditions on a pro–rata basis."

Sherrick quitclaimed and assigned their interest in the contract to Teevens, a widow, who assumed their obligations under the contract. On the same day Teevens signed a promissory note for $16,290.11 payable in installments of $115 per month and naming Turalba and Sherrick as payees. Also that day, Teevens executed a promissory note for $6,685, payable at $175 per month, designating Averbeck Realty, Inc., as payee. Both notes carried a 12 percent interest rate upon failure to pay an installment and both were secured by a "purchaser's assignment of contract and deed." Averbeck discounted the note to Wakefield Investments on December 19, 1969, who in turn discounted it to George M. Ormbrek and Edna Gay Ormbrek, his wife, on April 4, 1970. The security was assigned with the note in each case.

On December 9, 1969, Teevens executed and delivered the quitclaim deed conveying an undivided one–half interest in the apartment building to Clithero in consideration of a pro rata assumption of encumbrances.

Upon default on the original contract payments, Heggen Construction Co., Inc., brought suit to forfeit and cancel the contract, naming Turalba, Sherrick, Teevens, Averbeck Realty, Wakefield Investments, and the Ormbreks and Clithero as defendants. The complaint was filed August 31, 1971. Subsequently Clithero, on the advice of his attorney, quitclaimed his interest in the property back to Teevens.

On February 22, 1972, Turalba, Sherrick and Ormbreks answered Heggen's complaint. They also cross claimed against Teevens and Clithero based on the promissory notes executed by Teevens and assumed by Clithero in the quitclaim deed. Heggen Construction Company's motion for summary judgment against all defendants was granted August 30, 1972, concluding the original action. On November 7, 1975, judgment was entered on the cross claim against Teevens (by default) and Clithero. Clithero was found liable to Turalba and Sherrick for $7,527.56, plus 12 percent interest from August 1, 1971, the date of default in payments, and for one–half the costs and attorney's fees

incurred by Turalba and Sherrick. He was also found liable to Ormbreks for $1,184.96, plus 12 percent interest from August 1, 1971, and for one–half Ormbreks' costs and attorney's fees. It is from this judgment Clithero appeals.

Clithero's relationship with Teevens must be considered in view of Clithero's contention the court's findings are not supported by substantial evidence. Clithero met Teevens in June 1967. He lived in her apartment from December 1969 until September 1, 1971. They were married in March 1973. The rents from the apartment building were inadequate to pay the monthly contract installments in addition to the payments on the two notes. Clithero made up the difference from his own funds from January 1970 until he ceased doing so in July 1971, causing the default. He helped manage the apartment building and was present when Teevens discussed purchasing the building, and when she signed the notes to Turalba and Sherrick and to Averbeck.

He claimed less involvement with the purchase at trial than he admitted in his deposition, a fact brought out by respondents' attorney. The quitclaim deed from Teevens to Clithero states at the top that it was "Filed for Record at Request of . . . Irving B. Clithero." Clithero's actual middle initial is "E". The quitclaim deed also bears the stamp that it was filed at the request of Transamerica Insurance Company. The deed was found by Clithero in his possession in the fall of 1973 while he was looking through his papers and those of Teevens for something else. Clithero claimed he never knew about the deed until this lawsuit began or shortly before and never had it recorded. He also claimed he put money into the apartment building as a loan to Teevens, not because he was obligated to do so. However, he never entered into a written loan agreement with Teevens. Clithero discussed with George C. Ormbrek the possibility of conveying land owned by Clithero to Ormbrek in exchange for cancellation of the note to Ormbrek which was secured by the apartment building.

Clithero claims that he never received the deed, recorded it or assumed the obligations described on its face. This

created an issue of fact. The trial court, after hearing the evidence, was not persuaded Clithero's claims were correct. In his oral opinion, the court stated:

[I]t is my feeling with regard to this situation, despite the plaintiff's testimony at the time of trial, that in my mind he has not overcome what I think is his burden of proof under the circumstances in the law of showing that he did not, that this quit claim deed was not delivered to him and accepted by him. I think that the evidence, including his own admissions, the fact this is found among his papers, and so forth, the admission that he made at the time of his deposition all indicate that actually he did accept a half.

In conformity with his oral decision on the point, the court entered finding of fact No. 4, reading:

Teevens on or about December 12, 1969 executed and delivered a quit claim deed (the "Deed") ("Exhibit 7") to the apartment building to Clithero in consideration of his assumption of the encumbrances against the apartment building and the obligations secured thereby. The Deed states that Clithero as grantee assumed one–half the obligation to pay the indebtedness and obligations of Teevens to Turalba & Sherrick and of Teevens to Averbeck. The Deed, which was recorded on December 19, 1969, indicates that the recording was at the request of Clithero and of Transamerica Title Insurance Company. Clithero has retained possession of the Deed from the date of execution thereof.

Other findings are consistent with and reinforce finding No. 4. Thus, finding of fact No. 7 reads:

At the time Teevens purchased the apartment building, Clithero and Teevens contemplated marriage and joint ownership of the apartment building. Clithero assumed the obligation to pay one–half of the obligation secured by the underlying encumbrances for the purpose of obtaining the interest and preserving his future interest in the apartment building from loss or forfeiture.

In finding No. 8 the court found that from December 1969 to July 1971, Clithero managed the apartment building. This management included making installment payments on the indebtedness to Turalba and Sherrick and to

Ormbrek, and to Heggen Construction Co. on the underlying contract. Clithero made the payments on behalf of himself and Teevens, using his own funds if there was a deficiency between rentals received and payments due.

In finding of fact No. 9, the court found that Clithero attempted to repay the entire indebtedness to Ormbrek by an exchange of his individual property, but the transaction was never consummated.

Clithero's case hinged on the court's acceptance of his testimony. The court, in effect, declined to credit that testimony and held Clithero had accepted delivery of the quitclaim deed. There was evidence the deed was recorded at his request as well as the request of the title company, that he was thoroughly familiar with the encumbrances from the time that they were entered into and that he actually paid a portion of those encumbrances from his own funds to the extent of deficiencies between rental income and encumbrance payments due. We cannot say that the trial court's findings are not supported by substantial evidence. When findings of a trial court are supported by substantial evidence they must be accepted as verities. *Francisco v. Board of Directors*, 85 Wn.2d 575, 537 P.2d 789 (1975); *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.*, 83 Wn.2d 453, 519 P.2d 1 (1974).

Clithero claims, however, the trial court was not justified in entering the findings, particularly finding No. 4, because *inter alia* the evidence of assumption was not clear and convincing. It is true that assumption of debt described in a deed will not lightly be inferred and that evidence of the assumption must be clear and convincing. However, the description of the debt in the deed is unambiguous and the evidence that the deed was delivered and accepted by Clithero is substantial. The court rejected Clithero's testimony that he knew nothing about the deed or the assumption of indebtedness described therein. The deed was found in his possession and was recorded at his request as well as the request of the title company. This evidence together

with the other evidence of conduct consistent with knowledge of the deed and its contents satisfies the requirements of clear and convincing evidence.

Clithero finally maintains that he was not given credit in the judgment for the sums he paid out of his own funds. Respondents maintain Clithero was given full credit for those payments and they have described in detail their computations showing how such credit was given on the judgment entered. Neither in the briefs nor in oral argument has Clithero's counsel disputed the correctness of the computations made by respondents in their brief and in oral argument. It also appears that the amount of the judgment entered against Clithero is less than one–half of the indebtedness then owing, indicating credit was given. We cannot find that Clithero did not receive the full credit to which he was entitled.

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.