[No. 13444-6-II.   Division Two.   November 4, 1991.]

PAUL E. GROESBECK, *Respondent*, v. THE DEPARTMENT OF REVENUE, *Appellant*.

*Kenneth O. Eikenberry, Attorney General,* and *John M. Gray, Assistant,* for appellant.

*Peter S. Schweda* and *Waldo & Schweda P.S.,* for respondent.

WORSWICK, C.J. — Paul E. Groesbeck ran into financial turbulence and fell behind in his payments on the note secured by a deed of trust on his business property in Spokane County. G. Wesley Sodorff agreed in writing to assume the balance owing, and Groesbeck quitclaimed the property to Sodorff. The Department of Revenue tried to collect a real estate excise tax on the transaction, but the Superior Court, by summary judgment, agreed with Groesbeck that the transaction was exempt. We affirm the Superior Court.

A real estate excise tax is due on a "sale". RCW 82.45.010 states in relevant part that "sale"

> shall include any conveyance, grant, assignment, quitclaim, or transfer of the ownership of or title to real property . . . for a valuable consideration . . ..
> The term shall not include . . . the assumption by a grantee of the balance owing on an obligation which is secured by a mortgage[1] . . . where no consideration passes otherwise . . ..

That Sodorff bound himself to Groesbeck to assume Groesbeck's obligation on the deed of trust is beyond reasonable dispute. Also, the Department does not contend here that any other consideration passed from Sodorff to Groesbeck. But for two assertions by the Department, this should be the end of the matter because, under settled Washington law, the assumption of a mortgage requires only a binding agreement between the mortgagor and the person assuming the obligation, and the rights of the mortgagee are irrelevant. *Blaine v. Gardner J. Gwinn, Inc.,* 172 Wash. 505, 20 P.2d 855 (1933). *See also Fluke Capital & Mgt. Servs. Co. v. Richmond,* 106 Wn.2d 614, 724 P.2d 356 (1986) (requirements for proving assumption); *Heggen*

---

[1] A deed of trust is considered a mortgage. *See* WAC 458-61-210(b).

*Constr. Co. v. Turalba*, 88 Wn.2d 711, 565 P.2d 420 (1977) (same).

■ The Department's first assertion, that settled law on this subject became obsolete upon the advent in security transactions of the "due on sale" clause, is unsupported by authority and is not persuasive. The mortgagee here did not attempt to exercise its rights under that clause, and it would not have mattered had the mortgagee done so, for Sodorff was obligated to relieve Groesbeck of the debt regardless of what the mortgagee did. For the same reason, equally unpersuasive is the Department's second assertion, that somehow this was not an assumption because Sodorff thereafter chose to refinance the property with another lender rather than to continue payments to Groesbeck's mortgagee. This was a distress transaction in which Groesbeck realized nothing from the conveyance beyond relief from the deed of trust obligation. It was, in short, a near-perfect example of a situation the Legislature intended to exempt from this tax, the burden of which falls on the vendor. RCW 82.45.080. *See Mac Amusement Co. v. Department of Rev.*, 95 Wn.2d 963, 966, 633 P.2d 68 (1981).

Affirmed.

ALEXANDER and MORGAN, JJ., concur.

Reconsideration denied January 3, 1992.