[No. 28674-9-I.   Division One.   February 8, 1993.]

MUTUAL SECURITY FINANCING, *Respondent,* v. MARIA H.
UNITE, *Defendant,* MAREMMA U. GUZMAN,
*Appellant.*

*Marc S. Stern* and *Larry J. Landry,* for appellant.

*James T. Hopkins* and *Hopkins, Jelsing & Tri,* for respondent.

SCHOLFIELD, J. — This action was brought by Mutual Security Financing against Maria H. Unite and Maremma U. Guzman to collect amounts owing on a promissory note. The trial court granted summary judgment in favor of Mutual Security Financing and against Guzman in the amount of $24,900.60.[1] We reverse.

## FACTS

On June 7, 1976, Maria Unite executed a promissory note in the amount of $21,300 in favor of the Spokane Mortgage Company, a Washington corporation. The promissory note was secured by a deed of trust also dated June 7, 1976. The deed of trust was recorded and granted Spokane Mortgage Company a security interest in real property located in King County, Washington.

On January 10, 1978, Unite executed a quitclaim deed of the King County property in favor of Guzman. The deed stated that the conveyance was "[s]ubject to [the] Deed of Trust recorded June 1, 1976 . . . which the grantee herein agrees to assume and to pay according to its own terms and conditions." The quitclaim deed was accepted by Guzman, and she does not dispute that she agreed to assume and pay the obligation secured.

Mutual Security alleges that after January 10, 1978, Guzman paid the monthly obligations required under the deed of trust, but that she defaulted in May 1989. In her answer to Mutual Security's complaint, Guzman denied she had defaulted on the obligation. The trial court determined there had been a default.

On January 18, 1991, Mutual Security Financing obtained an assignment of the June 7, 1976, promissory note from its then holder, Metmor Financial, Inc.[2] Mutual Security paid a total of $24,168.91 for the note. This sum allegedly repre-

---

[1]The judgment below did not name Unite and she is not a party to this appeal.

[2]Although not entirely clear from the record, we assume that at some point the note was transferred from Spokane Mortgage Company to Metmor Financial.

sented the delinquent note balance, including unpaid late charges and accrued unpaid interest.

On January 31, 1991, Mutual Security filed a complaint for money due against defendants Unite and Guzman to recover amounts allegedly owed on the promissory note. Guzman, acting pro se, filed her answer on or about February 18, 1991. Mutual Security moved for summary judgment on April 12, 1991, and a hearing on the motion was noted.

On April 15, 1991, Narciso Guzman, Maremma Guzman's husband, wrote the court to inform all concerned that his wife Maremma was scheduled to be in the Philippines until June 1991, and could not be reached. Nonetheless, Maremma Guzman was able to appear pro se at the summary judgment hearing on May 10, 1991. Having allegedly just returned to the United States, Guzman presented no affidavits or memorandums of authority to the court in response to Mutual Security's motion. While she claims that she did provide oral argument as well as documentation to support her position, she contends these items never reached the court files.[3] After considering the available evidence, the trial court granted summary judgment in favor of Mutual Security in the amount of $24,900.60.

■ In evaluating a summary judgment, this court makes the same inquiry as the trial court. *Touchet Vly. Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 119 Wn.2d 334, 341, 831 P.2d 724 (1992). A motion for summary judgment should only be granted if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Harris v. Harris*, 60 Wn. App. 389, 392, 804 P.2d 1277, *review denied*, 116 Wn.2d 1025 (1991).

---

[3]Mutual Security acknowledges that, after orally granting summary judgment, the trial judge did review certain documents presented by Guzman. However, Mutual Security contends, the trial court returned the documents to Guzman after determining they lacked relevance to the issues presented by the summary judgment motion.

█ Guzman claims that at the summary judgment hearing, she presented oral testimony which created a factual issue as to the nature and extent of her default. However, the record on appeal is entirely inadequate to allow us to decide any issues regarding Guzman's default, her alleged attempt to cure her default, or foreclosure proceedings on her property. In granting summary judgment in favor of Mutual Security, the trial court resolved this issue against Guzman, and Guzman has failed to provide this court with any evidence on which a contrary result can be reached.

## LIABILITY ON NOTE

The remaining issue concerns Guzman's liability to pay the balance owing on the promissory note executed by Unite. Guzman first contends that by accepting the deed, she agreed only to assume and pay the obligations evidenced by the deed of trust, not the promissory note. She claims that nothing in the record suggests that the beneficiary's interest in the deed (which belonged to Metmor Financial) was ever transferred to Mutual Security. However, it is clear the promissory note was secured by the deed of trust Guzman agreed to assume, and Metmor's assignment of the note to Mutual Security carried with it the deed of trust. *See* 59 C.J.S. *Mortgages* § 356, at 504 (1949) (ordinarily a transfer of a debt secured by a mortgage, or other instrument in nature of a mortgage, carries with it the mortgage security, and operates as an equitable assignment thereof).

█ Guzman's personal liability for the deed of trust obligation is premised upon her acceptance of a deed which provided that she agreed to "assume and to pay [the deed of trust] according to its own terms and conditions."

> It is well established that by the acceptance of a deed containing a stipulation providing for the assumption of a mortgage debt by the grantee, the grantee becomes personally liable to pay the mortgage . . ..

55 Am. Jur. 2d *Mortgages* § 1050, at 891 (1971). *See also Snyder v. Roberts*, 45 Wn.2d 865, 874, 278 P.2d 348, 52

A.L.R.2d 631 (1955) (grantee bound by terms of deed not by signing it but by accepting it). However, Guzman cannot be liable on the promissory note itself because she did not sign that instrument. *See* RCW 62A.3-401(1)[4] This raises the issue of whether Mutual Security can recover against Guzman on the promissory note[5] simply because the amount of the note allegedly evidences the amount she owes on the underlying deed of trust.

Mutual Security relies on *Heggen Constr. Co. v. Turalba*, 88 Wn.2d 711, 565 P.2d 420 (1977), to support its claim that Guzman is personally liable on the note in this case. The issue in *Heggen* was whether the defendant, Clithero, could be held liable for one-half of the indebtedness of Jean Teevens based upon assumption clauses contained in a quitclaim deed from Teevens to Clithero. Clithero had accepted a quitclaim deed from Teevens conveying an undivided one-half interest in an apartment building owned by Teevens. In consideration of the deed, Clithero agreed to assume a pro rata share of encumbrances on the property, including two promissory notes previously executed by Teevens. *Heggen*, at 712-13. The quitclaim deed itself contained the assumption clauses, which specifically provided for Clithero's assumption of the promissory note obligations. *See Heggen*, at 712 n.1. The court concluded that given the unambiguous description of the debt contained in the deed, and the considerable evidence that the deed was delivered to and accepted by Clithero, he was liable to note holders for one-half of Teevens' debt. *Heggen*, at 712, 716.

The *Heggen* opinion indicates only that Clithero's liability was based on the assumption clauses contained in the deeds he accepted. Nothing in the opinion indicates that Clithero

---

[4]This provision states that "[n]o person is liable on an instrument unless his signature appears thereon."

[5]The complaint makes clear that Mutual Security's action was on the promissory note. Its complaint reads in part that "Plaintiff Mutual Security Financing is the owner and holder of the June 7, 1976, promissory note and has exercised its rights under terms and conditions of the note to accelerate the entire balance due."

ever signed the notes. We conclude from this that Clithero's liability in *Heggen* was based on his written promise to assume the obligations, not on the notes themselves, because absent his signature on the notes, he could not have been liable on them. *See* RCW 62A.3-401(1).

The crucial distinction between liability *on* a note and liability based on an *assumption* of a note was recognized in *Nielson v. Crossett*, 3 Wn.2d 537, 540-41, 101 P.2d 351 (1940). In that case, the purchasers of a business, defendants Crossett and Sparks, assumed and agreed to pay a promissory note that had previously been executed by the seller in favor of the plaintiff. *Nielson*, at 538. In a subsequent suit on the note, defendants were found liable. On appeal, defendants claimed they could not be liable on the note because they had not signed it. *Nielson*, at 539. The plaintiff claimed his theory at trial had been that defendants were liable based on their oral promise to pay the obligation represented by the note, not upon the note itself. *Nielson*, at 539. The court disagreed, and found that plaintiff's claim had been on the note; the court further refused to allow plaintiff to raise the "oral promise" theory for the first time on appeal. *Nielson*, at 540. The court held that the defendants could not be liable in an action on a note they had not signed, and reversed the judgment. *Nielson*, at 540-42.

In this case, Guzman did not sign the note and did not agree to pay the note. Mutual Security's action against Guzman is not based on an alleged promise by her to pay the obligation evidenced by the note. We therefore do not view *Heggen* as controlling because Guzman is being sued on the note. Clithero was sued on his assumption of one-half of the obligations evidenced by the notes.

The court in *Frazey v. Casey*, 96 Wash. 422, 165 P. 104 (1917) addressed a situation similar to that present here. In *Frazey*, defendant Casey purchased mortgaged property from the Gilberts, while orally agreeing to assume two mortgages against the property. One of those mortgages secured an $850 promissory note executed by the Gilberts in favor of Frazey, from whom the Gilberts had originally purchased

the property. *Frazey*, at 422-23. Casey agreed to assume this note. *Frazey*, at 422. Frazey later brought an action at law on the note against Casey to collect the $850. *Frazey*, at 423.

The court held that Casey could not be held liable on the note because he did not sign or endorse it. *Frazey*, at 423-24. Frazey claimed that under equitable principles, when a purchaser of mortgaged property assumes and agrees to pay the mortgage debt, the obligation would be enforced. The court agreed with this rule, but noted that it applied in cases in equity where the mortgagee was foreclosing the mortgage.

> In such cases, the mortgagee has a right to pursue his remedy against the mortgaged property and against those who have agreed to pay the debt, but no case is cited to us where, in an action at law upon a promissory note, a person not a maker or an indorser may be held liable under a statute like ours.
>
> Upon the face of the statute, we see no escape from the conclusion that, where the holder of a note secured by a mortgage waives the mortgage and brings an action at law upon the note, he may not enforce payment against a person who has not signed the note either as maker or indorser.
>
> . . . Mr. Casey, by not signing or indorsing the note, had a right to assume that the mortgages would be foreclosed and the property sold and the proceeds thereof applied upon the mortgage, before he could be held personally liable.

*Frazey v. Casey, supra* at 424-25.

We view *Frazey* as controlling, and conclude that Guzman cannot be held liable on the promissory note because she did not sign it.

## ATTORNEY'S FEES

Guzman seeks attorney's fees under the terms of RAP 18.1 and RCW 4.84.330. The latter provision generally allows attorney's fees in an action on a contract where the contract provides for such fees.[6] The promissory note in this case states that "[i]f any suit or action is instituted to collect this note or any part thereof the undersigned promise(s) and

---

[6]RCW 4.84.330 states:

"In any action on a contract . . . where such contract . . . specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract . . ., shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract . . . or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

agree(s) to pay, in addition to the costs and disbursements provided by statute, a reasonable sum as attorney's fees in such suit or action."

■ Under the note's unilateral fee provision, one signing the note can be held liable for attorney's fees in an action to collect on it. Given the remedial purpose behind the enactment of RCW 4.84.330 — that unilateral attorney's fees provisions be applied bilaterally — the holder of the note can be liable as well. *See Herzog Aluminum, Inc. v. General American Window Corp.*, 39 Wn. App. 188, 196-97, 692 P.2d 867 (1984). However, because Guzman never signed the note, the unilateral fee provision would not have entitled Mutual Security to fees from Guzman even had it prevailed. Therefore, there is no basis to award Guzman attorney's fees based on a "bilateral" application of the note's attorney fee provision.

Judgment reversed.

WEBSTER, C.J., and PEKELIS, J., concur.

Reconsideration denied March 11, 1993.