# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LDRC BAR, LLC, a Washington limited liability company, RACHEL BARLEY, an individual, and CHRISTOPHER MARTINEZ, an individual,<br><br>Appellants,<br><br>v.<br><br>J SQUARED, INC., a Washington corporation,BMGO, LLC, a limited liability company, MEL ORELLANA and BRIDGET ORELLANA, and the marital community comprised thereof,<br><br>Respondents. | No. 88660-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Appellants Rachel Barley and Christopher Martinez appeal from a trial court judgment against them and LDRC Bar, LLC awarding J Squared, Inc. damages totaling $8,100 and attorney fees and costs incurred in arbitration totaling $30,091.18. They argue the trial court misinterpreted the corresponding arbitration awards by entering judgment for those amounts against them individually—rather than solely against LDRC—and abused its discretion by denying their motion for reconsideration addressing this issue. We agree with Barley and Martinez that the trial court erred and abused its discretion in so ruling,

vacate the contested portion of the judgment,[1] and remand the matter to the trial court for further proceedings consistent with this opinion.

I

This matter initially arose out of two contracts. The first is a commercial lease agreement between LDRC as "Tenant" and J Squared as "Landlord." Although Barley and Martinez signed the lease, they did so in their capacity as representatives of LDRC and are not themselves parties to the agreement. The second contract is a purchase and sale agreement between LDRC, Martinez, and Barley as purchasers and Mel and Bridget Orellana and BMGO LLC as sellers. The two contracts are linked because the coffee stand that is the subject of the purchase and sale agreement was to be operated on the leased premises.

After signing both agreements, the parties' relationship deteriorated and Martinez, Barley, and LDRC filed in the trial court below a complaint against J Squared, BMGO, and the Orellanas. The complaint asserted two claims for breach of contract. The first was against J Squared based on its alleged breach of the lease with LDRC. The second was against BMGO and the Orellanas based on their alleged breach of the purchase and sale agreement with Martinez, Barley, and LDRC. Martinez, Barley, and LDRC subsequently stipulated to dismissal of this second claim. J Squared then filed an answer and asserted a counterclaim against LDRC for breach of the lease. Consequently, the only claims that were

---

[1] Although the total judgment amount also includes attorney fees incurred in judicial proceedings, which were separately awarded by the trial court below, that portion of the judgment (totaling $23,389.25) is not contested here.

litigated below were the breach of contract claims by and between LDRC and J Squared arising out of the lease.

The matter then proceeded to mandatory arbitration pursuant to RCW 7.06.020.[2] In the arbitration, J Squared prevailed on the merits of its breach of contract claim regarding the lease; the arbitrator entered an award on that claim (the damages award) stating "J Squared is awarded the sum of $8,100 in damages against LDRC." Having prevailed on the merits of that claim, J Squared also requested attorney fees and costs under a provision of the lease (discussed more fully below) that authorizes the landlord to recover such fees and costs against the tenant in litigation arising out of the agreement. The arbitrator awarded fees and costs totaling $30,091.18 in a supplemental arbitration award (the fee award).

LDRC then filed in the trial court below a request for a trial de novo under RCW 7.060.050(1).[3] J Squared moved to strike this request as untimely because it was not filed within 20 days as required by RCW 7.060.050(1), the trial court granted the motion, and this court affirmed the trial court's decision.[4] The trial court subsequently entered judgment on the damages and fee awards. Critical here, the judgment indicates it is "against Plaintiffs LDRC Bar, LLC, Rachel Barley, and

---

[2] RCW 7.06.020 states, "All civil actions, except for appeals from municipal or district courts, which are at issue in the superior court in counties which have authorized arbitration, where the sole relief sought is a money judgment, and where no party asserts a claim in excess of fifteen thousand dollars, or if approved by the superior court of a county by two-thirds or greater vote of the judges thereof, up to one hundred thousand dollars, exclusive of interest and costs, are subject to civil arbitration." LDRC's claim against J Squared was subject to mandatory arbitration because the relief sought was less than $100,000.

[3] Addressing such a request, RCW 7.060.050(1) states, "Following a hearing as prescribed by court rule, the arbitrator shall file his or her decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. The notice must be signed by the party. Such trial de novo shall thereupon be held, including a right to jury, if demanded."

[4] *LDRC Bar, LLC v. J. Squared, Inc.*, 33 Wn. App. 2d 1101 (2025).

Christopher Martinez" and lists both Barley and Martinez as judgment debtors in addition to LDRC.

In response to the trial court's judgment, Barley and Martinez filed a motion for reconsideration and to amend the judgment arguing that the trial court should have entered judgment on the damages and fee awards against only LDRC and not against them individually. The trial court denied that motion. This timely appeal followed.

II

Barley and Martinez argue the trial court misinterpreted the arbitration award when it entered judgment on the damages and fee awards against them individually rather than solely against LDRC. We agree.

The proper interpretation of an arbitration award—similar to other written instruments—is a legal issue, which we review de novo. *In re Marriage of Thompson*, 97 Wn. App. 873, 877, 988 P.2d 499 (1999) ("The interpretation of a dissolution decree is a question of law. Questions of law are subject to de novo review by the appellate court.") (citing *Chavez v. Chavez*, 80 Wn. App. 432, 435, 909 P.2d 314 (1996)).[5] The trial court's denial of a motion for reconsideration, in turn, is reviewed for an abuse of discretion, which occurs when the "decision is

---

[5] While *Thompson* addresses the interpretation of a dissolution decree as opposed to an arbitration award, both are written instruments and other courts have applied the same standard of review to a trial court's interpretation of an arbitration award. *See, e.g.*, *Int'l Ass'n of Sheet Metal, Air, Rail, & Transp. Workers, Transp. Div. v. Kansas City S. Ry. Co.*, 126 F.4th 603, 608 (8th Cir. 2025) ("We review de novo the district court's interpretation of an arbitration award"); *Moore v. Olson*, 351 P.3d 1066, 1071 (Alaska 2015) ("A superior court's decision reviewing an arbitration award is subject to de novo review."); *Giorgianni v. Crowley*, 197 Cal. App. 4th 1462, 1471 (2011) ("Our review is of the superior court's judgment, not of the Award itself. Accordingly, we review de novo the court's judgment on the order confirming the Award."); *Cipriano v. Cipriano*, 289 Mich. App. 361, 368, 808 N.W.2d 230 (2010) ("This Court reviews de novo a circuit court's decision to enforce, vacate, or modify an arbitration award.").

based on untenable grounds or reasons." *Konicke v. Evergreen Emergency Servs., P.S.*, 16 Wn. App. 2d 131, 147, 480 P.3d 424 (2021). "A decision is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

The trial court below erroneously interpreted both the damages award and the fee award, and its corresponding decisions thus rest on facts unsupported by the record and is otherwise untenable. As noted previously, the damages award expressly states, "J Squared is awarded the sum of $8,100 in damages *against LDRC*." (Emphasis added.) The fee award, in turn, states:

> This matter came on for consideration of defendant J Squared's Motion for Award of Attorneys' Fees and Costs *following the Arbitrator's Award on the merits* filed herein on January 16, 2024. *Defendant is awarded* attorneys' fees in the sum of $28,929.50 and costs in the sum of $1,161.68.

(Emphasis added.) As can be seen, the damages award is solely "against LDRC." The fee award is likewise clear: it is expressly predicated on the damages award against LDRC and does not refer to or award fees against Barley or Martinez. The trial court thus erred by entering judgment on the damages and fee awards against Barley or Martinez individually and abused its discretion by denying their motion for reconsideration addressing this issue.

Moreover, even if the fee award is unclear because it does not include the same limiting language ("against LDRC") as the damages award, any such imprecision is eliminated by the underlying documents, which both parties cite and

discuss in their appellate briefs. The lease, as noted, is between LDRC as "Tenant" and J Squared as "Landlord." The prevailing party fee provision in the lease likewise states:

> 28. All costs, expenses and expenditures including and without limitation, complete legal costs incurred by the Landlord on a solicitor/ client basis as a result of unlawful detainer of the Premises, the recovery of any rent due under the Lease, or any breach by the Tenant of any other condition contained in the Lease, will forthwith upon demand be paid by the Tenant as Additional Rent.

It thus makes no provision for a fee award against Barley or Martinez, neither of whom are tenants under the lease.

Likewise, in its motion for attorney fees, J Squared argued:

> Section 28 of the Lease provides for payment *by LDRC* of legal costs incurred as a result of any breach of the Lease *by LDRC*. The arbitration award found that *LDRC* breached the Lease. J Squared therefore requests that the Arbitrator award a judgment for all legal costs and fees incurred in this matter to J Squared.

(Emphasis added.) J Squared expressly recognized that any such award would necessarily be limited under the lease to LDRC. The trial court's judgment erroneously exceeds this limitation.

J Squared's contrary arguments lack merit. J Squared does not argue—nor can it argue—that the plain language of the damages award encompasses Barley and Martinez. Instead, focusing solely on the fee award, J Squared claims it can properly recover attorney fees from Barley and Martinez because they are listed as plaintiffs on the complaint that was filed in the trial court below and thus J Squared prevailed against them and LDRC since none of these parties recovered any damages. Relatedly, J Squared points out that both the damages award and the fee award indicate in the caption that the plaintiffs are "LDRC Bar et al." While

J Squared is correct in so arguing, the awards themselves are not against Barley or Martinez; as noted, the damages award is expressly limited to LDRC and the corresponding fee award is expressly predicated on the damages award and does not refer to Barley or Martinez. The language of the awards, not the caption, is controlling here.

J Squared also claims that RCW 4.84.330 permits it to recover attorney fees from Barley and Martinez. That statute provides in relevant part as follows:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

According to J Squared, this mutuality of remedy provision allows it to recover attorney fees from Barley and Martinez because they could have recovered such fees from J Squared had they prevailed below.

J Squared's reliance on RCW 4.84.330 is misplaced. As quoted above, the fee provision at issue is unilateral: it permits the landlord to recover fees from the tenant but does not permit the tenant to recover fees from the landlord in litigation arising under the lease. Accordingly, applying the mutuality of remedy principle under RCW 4.84.330, the tenant can also recover attorney fees from the landlord under the lease even though the attorney fee provision does not so state. The fatal flaw in J Squared's argument is that Barley and Martinez are not parties to the lease—they are neither the landlord nor the tenant—so RCW 4.84.330 does not create the liability for prevailing party attorney fees that J Squared posits. *See*

*Mut. Sec. Fin. v. Unite,* 68 Wn. App. 636, 643, 847 P.2d 4 (1993) (holding RCW 4.84.330 did not permit a litigant who was a nonparty to a disputed note to be held liable for attorney fees pursuant to the note's fee provision).

Lastly, J Squared relies on *Herzog Alum., Inc. v. Gen. Am. Window Corp*, 39 Wn. App, 188, 692 P.2d 867 (1984), to support its argument that a nonparty may be held liable for contractual attorney fees. That reliance is likewise misplaced. In *Herzog*, the court held that a litigant that successfully defends a breach of contract claim by proving the absence of an enforceable contract may recover attorney fees under a prevailing party provision in that otherwise unenforceable agreement. *Id.* at 189-90. But unlike the unsuccessful litigants in *Herzog*, neither Martinez nor Barley were contracting or would-be contracting parties to the lease. The lease is and remains enforceable and, as noted, allows J Squared to recover prevailing party attorney fees against only LDRC. Accordingly, J Squared's argument based on *Herzog* fails.[6]

### III

In sum, the trial court erroneously interpreted both the damages award and the fee award when it entered judgment on those awards against Barley and Martinez individually. We therefore vacate the judgment on those awards, reverse the trial court's denial of Barley and Martinez's motion for reconsideration

---

[6] J Squared also argues that Martinez, Barley, and LDRC's motion to amend the complaint to remove Barley and Martinez as named plaintiffs prior to a trial de novo indicates that there was a proper basis by which to hold Barley and Martinez liable based on the damages and fee awards. Because this argument is unsupported by authority, we decline to address it. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."); RAP 10.3(a)(6).

addressing this issue, and remand the matter to the trial court for further proceedings consistent with this opinion.

Feldman, J.

WE CONCUR:

Birk, J.

Coburn, J.